UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERICA WALSH,<br><br>    Plaintiff,<br><br>  v.<br><br>GEOFFREY NOBLE, in his official capacity as Superintendent of the Massachusetts State Police; JOHN DOES 1, 2 & 3 in their official capacities as Massachusetts State Police officers and in their personal capacities; TRIAL COURT OF THE COMMONWEALTH OF MASSACHUSETTS; BEVERLY J. CANNONE, in her official capacity as Justice of the Superior Court; and MICHAEL W. MORRISSEY, in his official capacity as the Norfolk County District Attorney<br><br>    Defendants. | Civil Action No. _____ |

## VERIFIED COMPLAINT

The Massachusetts State Police have taken to using an unconstitutional order in the Karen Read trial to force women to go nearly topless if their outerwear contains messaging they don't approve of.

Superior Court Judge Cannone pretextually shut down all First Amendment activity within an ill-defined "buffer zone" declared on the streets, public walkways, public library, and private properties surrounding the Dedham Courthouse. Judge Cannone entered the order, *ex parte*, enjoining Plaintiff (and everyone else), who are not subject to her jurisdiction, from speaking on private property and on traditional public fora. It is a lawless, *ultra vires* act, that violates constitutional guarantees of free speech and due process. Cannone had no power to impose the buffer zone, and now the zone is being enforced in such a draconian manner that the Massachusetts

Doc ID: 9d96f2ab18c00e7e959dea1929f7546d1dcede3f

State Police are using it as license to accost members of the public and to shut down even the quiet speech of a woman walking peacefully, with words on her sweatshirt that offend the Police.

To remedy this wrong, Plaintiff, ERICA WALSH, brings suit against the TRIAL COURT OF THE COMMONWEALTH OF MASSACHUSETTS, BEVERLY J. CANNONE, in her official capacity as Justice of the Superior Court, GEOFFREY NOBLE, as Superintendent of the Massachusetts State Police; and MICHAEL W. MORRISSEY, in his official capacity as the Norfolk County District Attorney. Acting on this unconstitutional order,

GEOFFREY NOBLE is sued in his official capacity only as Superintendent of the Massachusetts State Police; Defendant MICHAEL W. MORRISSEY is sued in their official capacities only as Norfolk County District Attorney. JOHN DOES 1, 2 & 3(Massachusetts State Police officers) are sued in their official and personal capacities.

Plaintiff brings claims under 42 U.S.C. § 1983 for Defendants' violation of her First and Fourth Amendment rights, and alleges as follows:

## THE PARTIES

1. Plaintiff Erica Walsh is a natural person who resides in Massachusetts.

2. Defendant Geoffrey Noble is the Superintendent of the Massachusetts State Police and, at all relevant times, worked in the Commonwealth of Massachusetts.

3. Defendant John Doe 1 is an officer with the Massachusetts State Police and, at all relevant times, worked in the Commonwealth of Massachusetts.

4. Defendant John Doe 2 is an officer with the Massachusetts State Police and, at all relevant times, worked in the Commonwealth of Massachusetts.

5. Defendant John Doe 3 is an officer with the Massachusetts State Police and, at all relevant times, worked in the Commonwealth of Massachusetts.

RANDAZZA | LEGAL GROUP

Doc ID: 9d96f2ab18c00e7e959dea1929f7546d1dcede3f

6. Defendant Michael W. Morrissey is the Norfolk County, Massachusetts, District Attorney and, at all relevant times, worked in Norfolk County, Massachusetts.

7. Defendant Trial Court of the Commonwealth of Massachusetts is a judicial entity organized under Mass. Gen. Laws. ch. 211B, § 1.

8. Defendant Beverly J. Cannone is a Justice of the Norfolk County Superior Court and, at all relevant times, worked in Dedham, Massachusetts.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this civil action per 28 U.S.C. § 1331 as this is a civil action arising under 42 U.S.C. § 1983 and the First and Fourth Amendments to the U.S. Constitution.

10. This Court has personal jurisdiction over all defendants as they are all citizens or organs of the Commonwealth of Massachusetts, and the defendants committed the acts complained of within the said Commonwealth.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) & (2) as all defendants reside in this District and all events giving rise to the claim occurred in this District.

## FACTUAL BACKGROUND

**1.0    General Background**

12. On or about January 29, 2022, John O'Keefe, a Boston Police Officer, died.

13. On or about June 9, 2022, a true bill was returned in the Trial Court of the Commonwealth of Massachusetts, Superior Court Department, Norfolk County, indicting Karen Read and charging her with a) second degree murder of O'Keefe per G.L. c. 265, § 1; b) killing O'Keefe with her motor vehicle while intoxicated per G.L. c. 265, § 13 ½; and c) a hit-and-run death of O'Keefe under. G.L. c. 90, § 24,(2)(a ½)(2).

Doc ID: 9d96f2ab18c00e7e959dea1929f7546d1dcede3f

14. Judge Beverly Cannone is the presiding judge in the Read prosecution, in the case styled *Commonwealth v. Read,* Case No. 2282CR00017, in the Trial Court of the Commonwealth of Massachusetts, Superior Court Department, Norfolk County (hereinafter "*Read* Case").

15. A trial in the *Read* Case was held in 2024, which resulted in a mistrial after the jury failed to reach a unanimous decision (hereinafter "first trial").

16. A second trial in the *Read* Case began on April 1, 2025 (hereinafter "second trial").

17. Prior to the first trial, the Commonwealth filed a motion to *inter alia* create a "buffer zone" beyond the grounds of the Norfolk Superior Courthouse, to prohibit any individual from demonstrating in any manner about Read, law enforcement, the DA, potential witnesses, and evidence within 500 feet of the court complex during the trial.

18. Judge Cannone then issued an order granting the Commonwealth's motion, asserting that the Commonwealth's perceived inconveniences overcame everyone else's First Amendment rights, without regard for any differentiation between members of the public, and expressly ordered that "no individual may demonstrate in any manner, including carrying signs or placards, within 200 feet of the courthouse complex during trial of this case, unless otherwise ordered by this Court. This complex includes the Norfolk Superior courthouse building and the parking area behind the Norfolk County Registry of Deeds building. Individuals are also prohibited from using audio enhancing devices while protesting." *See* **Exhibit A**.

19. Speech that does not qualify as a "demonstrat[ion]" was not restricted. Thus, a nearby café could advertise breakfast using a bullhorn and parade its menu on picket signs and placards; Celtics and Bruins fans could similarly honor their teams by hooting/hollering and carrying placards. And in fact, commercial speech was permitted within the zone.

Doc ID: 9d96f2ab18c00e7e959dea1929f7546d1dcede3f

20.    In advance of the second trial, the Commonwealth again moved for a buffer zone, but with a larger area (again, encompassing private property and traditional public fora, including public sidewalks and other areas).  The Commonwealth also sought specific instructions to request police to use force to quash any dissent or protest.  *See* **Exhibit B.**

21.    Without an opportunity for affected persons to intervene or be heard, Judge Cannone issued an Order on March 25, 2025, granting the Commonwealth's motion, asserting that the basis for the first motion warranted a *larger* buffer zone for the second trial, and expressly ordered that "no individual may demonstrate in any manner, including carrying signs or placards, within 200 feet of the courthouse complex during trial of this case, unless otherwise ordered by this Court.  This complex includes the Norfolk Superior courthouse building and the parking area behind the Norfolk County Registry of Deeds building.  The buffer zone shall further be extended to include the area bounded by Bates Court, Bullard Street, Ames Street, and Court Street.  Individuals are also prohibited from using audio enhancing devices while protesting." *See* **Exhibit C** (hereinafter "Buffer zone injunction").

22.    Judge Cannone lacks the authority to issue an order taking away anyone's First Amendment rights outside the courthouse, unless they are parties to the proceeding before her or in privity with them.  This Court may enjoin Judge Cannone from engaging in acts that the she has no authority to take.  *See, e.g*, *OA VW LLC v. Massachusetts DOT*, 76 F. Supp. 3d 374, 378 (D. Mass. 2015).  It should do so immediately.

23.    The U.S. Court of Appeals for the First Circuit has already indicated that the buffer zone order was not likely narrowly tailored due to the lack of a "*mens rea* requirement -- *i.e.,* it likely applies equally to speech directed toward random passersby and speech directed toward trial

Doc ID: 9d96f2ab18c00e7e959dea1929f7546d1dcede3f

participants." *Grant v. Trial Court*, No. 25-1380, 2025 U.S. App. LEXIS 11261, at *9 (1st Cir. May 9, 2025)

24. Massachusetts State Police officers took action to enforce the buffer zone order during the first trial, and the State Police, including Defendants Doe 1, 2 & 3, under the control and direction of Defendant Noble, are acting to enforce the Buffer zone injunction.

**2.0    State Police Officers Interfere with Newsgathering and with Walsh Exercising her Clearly Established Rights**

25. On Friday, May 9, 2025, Walsh was within the buffer zone created by the order of Judge Cannone in the Karen Read case.

26. Walsh had been there for several hours without incident.

27. During that period, she was wearing a sweatshirt that read "criminals control Norfolk County" and the logo "[mi cr od ots]".

28. The sweatshirt appears as below:



29. As Walsh was leaving a bathroom and heading to her vehicle that was parked within

the zone, she was surrounded by three unknown Massachusetts State Police officers, Defendants John Doe 1, 2 & 3.

30. The Defendant officers detained Walsh, saying words to the effect of "you're not going anywhere."

31. At that point, one of the Defendant State Police officers stated he was going to charge Walsh with a criminal offense for wearing the sweatshirt, saying words to the effect of "You're gonna catch a charge."

32. The officers then falsely asserted that Walsh had been "warned" about the sweatshirt previously by Massachusetts State Police Sgt. Hardman.

33. Walsh had not, in fact, received any such warning.

34. However, at that point, Walsh faced the dilemma of either continuing to wear the sweatshirt or remove it.

35. Due to familial obligations that evening, Walsh could not afford to be arrested, so she removed the sweatshirt.

36. Below the sweatshirt, Walsh was wearing a shirt that read "Journalism is not a crime" and "Free Turtleboy" and included the face of noted Massachusetts journalist Aidan Kearney a/k/a Turtleboy.

37.   A model version of the shirt appears as follows:



38.   Walsh had asked an officer of the Dedham police whether this t-shirt was permitted within the buffer zone.  He responded that he was not sure whether it was.

39.   If the Dedham Police are unsure if a certain shirt violates the buffer zone, a person of ordinary firmness and intelligence can not be expected to divine its meaning.

40.   Thus, in order to ensure Walsh could get to her car without being arrested, Walsh had no choice but to remove it and walk through the buffer zone clad only in a brassiere on top.

41.   On Monday, May 12, 2025, Walsh was again wearing the sweatshirt in the buffer zone.

42.   As Walsh was exiting for the day, while walking with a YouTube content creator/journalist, Sgt. Hardman accosted Walsh and said words to the effect of "you're causing a …", though he never said what Walsh was causing, and that she was "told about this," threatening her for having worn the sweatshirt.

43.   Upon information and belief, the only reason Walsh was not arrested by Sgt. Hardman for wearing the sweatshirt on May 12 was because an individual was filming the encounter.

Doc ID: 9d96f2ab18c00e7e959dea1929f7546d1dcede3f

44. The buffer zone because is being employed against citizens, including Walsh, merely for wearing clothing with words on it that state police officers do not like.

## CAUSE OF ACTION
### Count I
**Violation of the First Amendment to the United States Constitution**
**Declaratory Judgment & Injunctive Relief**
**(42 U.S.C. 1983 – First Amendment)**

**(Against All Defendants)**

45. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

46. The buffer zone injunction is facially unconstitutional. It is a content-based regulation of protected speech in a public forum that cannot withstand strict scrutiny. While the Supreme Court has upheld a statute relating to picketing or parading near courthouses, it has not approved of a 200-foot buffer with an additional larger, ill-defined area. *Contrast Cox v. Louisiana*, 379 U.S. 559 (1965) (providing that a buffer zone with a *mens rea* can be constitutional). It is overinclusive—it includes speech in private businesses and homes and in traditional public fora. And, it is underinclusive, as it does not regulate other forms of speech directed at potential jurors (the ostensible "fair trial" reason given).

47. The buffer zone injunction purports to address noise and to minimize prospective jurors' exposure to viewpoints about the Read case, but it is targeted solely to speech in the ambit of the Read case when Judge Cannone and the Superior Court routinely conduct jury trials without such restrictions.

48. Judge Cannone could have taken measures to reduce jurors' exposure to noise and public speech without imposing content-based restrictions.

Doc ID: 9d96f2ab18c00e7e959dea1929f7546d1dcede3f

49. The buffer zone injunction is unconstitutionally vague. Plaintiff cannot ascertain exactly what speech is prohibited—it is unclear if she can wave political signs or wear clothing that says "Vote Against DA Morrissey" or "Judge Cannone is Corrupt."

50. The buffer zone injunction was imposed with no authority to do so. Cannone lacks the authority to issue an order taking away anyone's federally protected First Amendment rights outside the courthouse, unless they are parties to the proceeding before her or in privity with them.

51. The buffer zone injunction r is an unconstitutional prior restraint on speech.

52. The buffer zone injunction is unconstitutional as applied. Defendants have been purposely targeting people, like Plaintiff.

53. The buffer zone injunction was imposed with no authority by a judge to shut down First Amendment-protected speech on public sidewalks that are not part of Courthouse property, or at least not actually adjacent to the courthouse.

54. Plaintiff has been injured, or reasonably fears imminent injury, by these constitutional violations, and Plaintiff is entitled to relief.

55. Therefore, Plaintiff is entitled to a declaration that the buffer zone injunction is unconstitutional and they are entitled to an injunction against all Defendants prohibiting enforcement of the buffer zone injunction.

### *Count II*
**Violation of the First Amendment to the United States Constitution: Retaliation**
**(42 U.S.C. 1983 – First Amendment)**
**(Against Does 1 & 2)**

56. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if set forth fully herein.

Doc ID: 9d96f2ab18c00e7e959dea1929f7546d1dcede3f

57. The Doe Defendants' conduct of threatening Walsh on account of her May 9, 2025, constitutionally protected activity of wearing a sweatshirt is unconstitutional and violates her First Amendment right to freedom of speech and expression.

58. It is clearly established that there is a First Amendment right to wear expressive clothing in and around a courthouse. *See, e.g., Cohen v. California*, 403 U.S. 15 (1971).

59. The Doe Defendants' restriction on Walsh's speech is content-based and is in violation of the Free Speech Clause of the First Amendment.

60. Walsh desires to continue to wear expressive clothing on the sidewalks near and/or abutting the Dedham Superior Courthouse.

61. Even a momentary deprivation of First Amendment rights is an irreparable injury.

62. The violation of Walsh First Amendment rights has proximately caused her damage, including mental and emotional injury.

63. Walsh has been injured, or reasonably fears imminent injury, by these constitutional violations, and Walsh is entitled to relief, including, but not limited to, compensatory damages and injunctive and declaratory relief.

### *Count III*
### Violation of the Fourth Amendment to the United States Constitution: Unlawful Detention
### (42 U.S.C. 1983 – Fourth Amendment)
### (Against Doe 1)

64. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if set forth fully herein.

65. At all times relevant to this Complaint, Walsh had a clearly established right under the Fourth Amendment to the United States Constitution to be free from unreasonable seizure and arrest of her person by law enforcement officers such as the Doe Defendants.

66. At all times, Walsh had a liberty interest in wearing expressive clothing.

67. Does 1, 2 & 3 unlawfully and unreasonably detained Walsh because of the words on her sweatshirt.

68. Such seizure was warrantless and without probable cause.

69. There were no governmental interests to warrant such intrusion on Walsh's interests.

70. Due to Doe 1, 2 & 3's unlawful conduct, Walsh is entitled to all allowable damages under law.

71. Walsh desires to continue to wear expressive clothing on the sidewalks near and/or abutting the Dedham Superior Courthouse.

72. Violating Walsh's Fourth Amendment rights proximately caused her damage.

73. Walsh has been injured, or reasonably fears imminent injury, by these constitutional violations, and Walsh is entitled to relief, including, but not limited to, compensatory damages and injunctive and declaratory relief.

### *Count IV*
### Violation of the Fourteenth Amendment to the United States Constitution
### (42 U.S.C. 1983 – Procedural Due Process)

74. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

75. Defendants' conduct of issuing and enforcing the Buffer zone injunction is unconstitutional and violates Plaintiff's rights to due process of law under the Fourteenth Amendment.

76. Prior to being deprived of her right to speak freely and to assemble, Walsh was entitled to due process.

Doc ID: 9d96f2ab18c00e7e959dea1929f7546d1dcede3f

77. There was no hearing, no opportunity to be heard, nor was there any due process whatsoever. There was merely an arbitrary and capricious action designed to harm Plaintiff and others, issued by one person on account of anticipated First Amendment protected activity.

78. Judge Cannone's Buffer zone injunction was issued in the absence of statutory authority or inherent authority over persons not brought within her jurisdiction through process.

79. Judge Cannone's Buffer zone injunction was a usurpation of legislative and regulatory functions, not a judicial act.

80. Judge Cannone has no authority over what non-parties to a proceeding may do off courthouse property, let alone on private property or traditional public fora.

81. The Massachusetts Constitution does not empower Superior Court Justices with explicit or inherent authority to regulate private property or traditional public fora in the way they might regulate courthouse property, and the Federal Constitution prohibits depriving citizens of their liberties without any authorization or without due process.

82. No statute empowers Superior Court Justices with explicit or inherent authority to regulate private property or traditional public fora in the way they might regulate courthouse property.

83. No ordinance empowers Superior Court Justices with explicit or inherent authority to regulate private property or traditional public fora in the way they might regulate courthouse property.

84. Plaintiff has been injured, and reasonably fears more imminent injury, by these constitutional violations, and Plaintiff is entitled to relief.

RANDAZZA | LEGAL GROUP

Doc ID: 9d96f2ab18c00e7e959dea1929f7546d1dcede3f

85. Plaintiff is entitled to a declaration that the Buffer zone injunction is unconstitutional and that she is entitled to an injunction on the Buffer zone injunction's enforcement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on each claim asserted or hereafter asserted in the Complaint, and on each defense asserted or hereafter asserted by the Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Court:

A. A declaration that the Buffer zone injunction is unconstitutional under the First Amendment of the United States Constitution.

B. A declaration that enforcing the Buffer zone injunction is unconstitutional under the First Amendment of the United States Constitution.

C. A declaration that the Buffer zone injunction was unconstitutionally imposed in violation of the Fourteenth Amendment of the United States Constitution.

D. A declaration that the Buffer zone injunction was an *ultra vires* act that suppressed First Amendment rights and was used to violate Plaintiff's First, Fourth, and Fourteenth Amendment rights.

E. A declaration that enforcing the Buffer zone injunction cannot be enforced as it was entered in violation of the Fourteenth Amendment to the United States Constitution.

F. A declaration that JOHN DOE 1, 2 & 3's actions constituted a violation of Plaintiff's First Amendment rights.

G. A declaration that JOHN DOE 1, 2, & 3's actions constituted an unlawful seizure and arrest against Plaintiff.

Doc ID: 9d96f2ab18c00e7e959dea1929f7546d1dcede3f

H.	A preliminary and permanent injunction enjoining each Defendant from interfering with Plaintiff's right to lawfully engage in constitutionally protected expression and activity within Dedham, Massachusetts.

I.	To award Plaintiff damages for the violation of her constitutional rights.

J.	To award Plaintiff her reasonable attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and any other applicable law; and

K.	To award such other relief as this Honorable Court may deem just and proper.

Dated: May 13, 2025.	Respectfully Submitted,

/s/ Marc J. Randazza
Marc J. Randazza, BBO# 651477
mjr@randazza.com, ecf@randazza.com
Jay M. Wolman, BBO# 666053
jmw@randazza.com
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (978) 801-1776

Mark. Trammell
(*Pro Hac Vice Forthcoming*)
Center for American Liberty
P.O. Box 200942
Pittsburgh, PA 15251
Tel: (703) 687-6200
MTrammell@libertyCenter.org

*Attorneys for Plaintiff.*

Doc ID: 9d96f2ab18c00e7e959dea1929f7546d1dcede3f

- 16 -

## VERIFICATION OF COMPLAINT

I, Erica Walsh, am the Plaintiff in the above-captioned matter. I have reviewed the foregoing allegations in this Verified Complaint, and I hereby declare under the penalty of perjury that the foregoing allegations are true and correct to the best of my knowledge and understanding.

Dated: 05 / 13 / 2025

By: _____
Erica Walsh

RANDAZZA | LEGAL GROUP

- 16 -
Verified Complaint

Doc ID: 9d96f2ab18c00e7e959dea1929f7546d1dcede3f