# Exhibit A

## April 4, 2024, Buffer Zone Order
*Commonwealth v. Read*

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                                                 SUPERIOR COURT
                                                                             CRIMINAL ACTION
                                                                             22-00117

COMMONWEALTH

vs.

KAREN READ

## MEMORANDUM OF DECISION AND ORDER ON COMMONWEALTH'S MOTION FOR BUFFER ZONE SURROUNDING NORFOLK SUPERIOR COURT AND REQUEST FOR ORDER PROHIBITING SIGNS OR CLOTHING IN FAVOR OF EITHER PARTY OR LAW ENFORCEMENT

The Commonwealth seeks an Order from this Court (1) establishing a buffer zone around the Norfolk Superior Courthouse in Dedham during the trial of the defendant, in which demonstrations related to the case would be prohibited, and (2) prohibiting any individual from wearing any clothing or insignia related to the case in the courthouse during trial. While the Court recognizes and appreciates the constitutional right of the people to peacefully protest under the First Amendment to the United States Constitution,[1] the defendant has the right to a fair trial by an impartial jury under the Sixth Amendment to the United States Constitution. See U.S. Const. amend. VI ("the accused shall enjoy the right to a speedy and public trial, by an impartial jury"); *Skilling* v. *United States*, 561 U.S. 358, 377 (2010). "This right, ensuring the defendant 'a fair trial,' has also been characterized as 'a basic requirement of due process.'" *In re Tsarnaev*, 780 F.3d 14, 18 (1st Cir. 2015), quoting *Skilling*, 561 U.S. at 378.

To ensure the defendant's right to a fair trial, the Court may restrict protected speech so long as the restrictions do not "burden substantially more speech than is necessary to further the

---

[1] This court acknowledges the helpful *amicus curiae* memorandum submitted by the American Civil Liberties Union of Massachusetts, Inc.

government's legitimate interests." *Ward* v. *Rock Against Racism*, 491 U.S. 781, 799 (1989). In this case, it is well documented that protestors have shouted at witnesses and confronted family members of the victim. Individuals have also taken to displaying materials which may or may not be introduced into evidence during trial, and airing their opinions as to the guilt or innocence of the defendant on their clothing or on signage. Witness intimidation has also been a prevalent issue in this case. Given these past actions, the Court concludes there is a substantial risk that the defendant's right to a fair trial will be jeopardized if prospective jurors are exposed to the protests and messages displayed on signs or otherwise, particularly before this Court has had an opportunity to instruct the jurors about their obligations with regard to remaining fair and unbiased. The risk extends during trial where jurors and witnesses would have no choice but to be exposed daily to the messages and viewpoints of the protestors when entering and leaving the courthouse or sitting in the courtroom.

The defendant here is entitled to a fair trial with an impartial jury, free from outside influence, focused solely on the evidence presented in the courtroom during trial and the applicable law. To protect this right, this Court must reduce the risk of exposing witnesses or jurors in this case to such outside influences.

## ORDER

It is, hereby, **ORDERED** that no individual may demonstrate in any manner, including carrying signs or placards, within 200 feet of the courthouse complex during trial of this case, unless otherwise ordered by this Court. This complex includes the Norfolk Superior courthouse building and the parking area behind the Norfolk County Registry of Deeds building. Individuals are also prohibited from using audio enhancing devices while protesting.

It is further **ORDERED** that no individuals will be permitted to wear or exhibit any buttons, photographs, clothing, or insignia, relating to the case pending against the defendant or relating to any trial participant, in the courthouse during the trial. Law enforcement officers who are testifying or are members of the audience are also prohibited from wearing their department issued uniforms or any police emblems in the courthouse.

Date:   April 4, 2024

Beverly J. Cannone
Justice of the Superior Court