# **EXHIBIT F**

*Application for Criminal Complaint,*

*Case No. 2554AC0563*

*(May 13, 2025)*

# APPLICATION FOR CRIMINAL COMPLAINT

APPLICATION NO. (COURT USE ONLY) 1 of 1

Trial Court of Massachusetts
District Court Department

I, the undersigned complainant, request that a criminal complaint be issued against the accused. If the accused HAS NOT BEEN ARRESTED and the charges involve:

[✓] ONLY MISDEMEANORS, I request a hearing
   [✓] WITH NOTICE to accused
   [ ] WITHOUT NOTICE because of threat of
      [ ] Bodily Injury [ ] Commission of a Crime [ ] Flight
[ ] WARRANT is requested because prosecutor represents that the accused may not appear unless arrested.

Dedham District Court
631 High Street
Dedham, MA 02026

2554AC0563

ARREST STATUS OF ACCUSED: [ ] HAS [✓] HAS NOT been arrested

## INFORMATION ABOUT ACCUSED

NAME (FIRST MI LAST) AND ADDRESS: **WALSH, ERICA ANN**

GENDER: F
HEIGHT: 509
RACE: W
STATE: MA

## CASE INFORMATION

COMPLAINANT NAME: Trooper Jonathan Freedman
COMPLAINANT TYPE: [X] POLICE
PD: MSP

ADDRESS: Massachusetts State Police
125 William Day Blvd
South Boston, MA 02125
Troop H
H CAT

PLACE OF OFFENSE: 659 High St, Dedham, MA
INCIDENT REPORT NO.: 2025-112-251/6
OBTN: CSPH202500689

| # | OFFENSE CODE | DESCRIPTION | CITATION # | OFFENSE DATE |
|---|---|---|---|---|
| 1 | 266/120 | TRESPASS c266 §120 (c266/120) | | 05/12/2025 |

VARIABLES: **Buffer Zone Violation**

RECEIVED MAY 13 2025 DISTRICT COURT DEDHAM DIVISION

REMARKS:
COMPLAINANT'S SIGNATURE: X Jonathan Freedman #4712
DATE FILED: 05/13/2025

A HEARING UPON THIS COMPLAINT APPLICATION WILL BE HELD AT THE ABOVE COURT ADDRESS ON
DATE OF HEARING: 6/18/25 AT TIME: 11:00

DCCR-2 (08/04)   COURT COPY   www.mass.gov/courts/districtcourt

5/13/2025 11:37:06 AM   Page 7 of 13

| STATEMENT OF FACTS IN SUPPORT OF APPLICATION FOR CRIMINAL COMPLAINT | APPLICATION NO. (COURT USE ONLY) | PAGE RECEIVED 1 of 2 | Trial Court of Massachusetts District Court Department |
|---|---|---|---|
| The undersigned alleges the following as a ☐ full or ☐ partial statement of the factual basis for the offense(s) for which a criminal complaint is sought. | | COURT DIVISION MAY 13 2025 DISTRICT COURT DEDHAM DIVISION | Dedham District Court 631 High Street Dedham, MA 02026 |

## WALSH, ERICA ANN

Body worn camera (BWC) and/ or cruiser mounted camera (CMC) video images were captured during this incident. The Department of State Police policy recognizes that body worn camera and cruiser mounted cameras, by virtue of their placement on a member's uniform and cruiser, do not capture all visual and auditory observations made by a member on scene. This report is a summary of the events, and not intended to capture every detail. Please refer to BWC/ CMC for further information.

On April 1, 2025, the second trial of Commonwealth v. Karen Read began in Norfolk Superior Court. Judge Beverly Cannone, the presiding judge in Commonwealth v. Karen Read, implemented a "buffer zone" around the Norfolk Superior Courthouse. This "buffer zone" prohibits demonstrating around the Norfolk Superior Courthouse during the trial and states in part, "no individual may demonstrate in any manner, including carrying signs or placards, within 200 feet of the courthouse complex during trial of this case…" (Copy of Judge Cannone's order attached).

On May, 12, 2025, at approximately 1100 hours, I, Trooper Jonathan Freedman #4712, of the Massachusetts State Police Troop H Community Action Team (CAT), was assigned to courthouse security at Norfolk Superior Court in Dedham for the Commonwealth V READ Trial. While on post in front of the Registry of Deeds (649 High Street, Dedham), I observed a known protestor/demonstrator, identified as WASLH, Erica (DOB: ▇▇▇▇▇▇ MA OLN: ▇▇▇▇▇▇), walking by wearing a black sweatshirt with the words "Criminals Control Norfolk County" inside the Buffer Zone. WALSH has been addressed, warned and criminally charged in the past for wearing this exact sweatshirt.

**A history of WALSH at Commonwealth V Read**: WALSH is a frequent protestor/ demonstrator that partakes in daily demonstrations at the edge of the Buffer Zone. WALSH believes that Karen READ was framed. WALSH was an attendee at the first READ trial, which took place between April 16, 2024 through July 01, 2024. WALSH continues to attend almost every hearing and trial date regarding Karen READ and Aidan KEARNEY (Turtleboy). WALSH has pictures with Karen READ available on her social media (Facebook and Instagram). WALSH has approached the READ family as they exit the courthouse and embraced them with hugs. WALSH has even entered the courthouse with the READ family during the trial to sit with the family (05/06/2025). WALSH was identified and warned for violations of the court order on April 30, 2025 at approximately 0916 hours regarding Buffer Zone violations By myself and Trooper Nunziato #4576. WALSH was observed walking through the Buffer Zone with a "Free Karen Read" sweatshirt. WALSH was warned and asked to cover up the sweatshirt until she exited the Buffer Zone. Approximately 20 minutes after being warned, WALSH then walked through the Buffer Zone again, wearing the same sweatshirt, partially covered and carrying a "Free Turtleboy" sign affixed to a wooden pole (25-178284). Again on April 30th WALSH returned to the Buffer Zone wearing a "Free Turtleboy Shirt" for the Aidan KEARNEY Hearing, standing in front of the Norfolk Superior Court steps awaiting to enter the courthouse. The READ Trial was on a lunch break and returned while WALSH was waiting in line. WALSH was eventually criminally charged for the violations and for wearing the exact "Criminals Control Norfolk County" sweatshirt on 05/02/2025 in front of the Registry of Deeds(Case #2025-SERT-35/21)

WALSH usually congregates with other protesters at the edge of the Buffer zone on High Street in front of the Dedham Post Office. There are several signs posted around the Buffer Zone that state "Entering the Buffer Zone". There are two posted on light poles at eye level in the area of the Post Office. WALSH had to walk by these signs to approach my location. As stated, WALSH is a frequent in the area and is aware of the court order regarding the Buffer Zone. Where I observed WALSH, is a highly trafficked area of pedestrians, prosecutors, jurors, witnesses, court personnel and the victim's family. Potential jurors for the Superior Court exit from the Registry of Deeds and cross the street to the Superior Court. Witnesses from this case enter and exit through the front of Norfolk Superior Court. Parties involved in the Read Trial will often stand at the entrance on breaks for fresh air or a cigarette. WALSH's sweatshirt had the potential to be seen from the Superior Court windows and front entrance.

I approached WALSH and waved her over. WALSH stopped walking and asked "What?". I stated that her sweatshirt was a violation of the Buffer Zone. WALSH stated that it was relating to a different case and did not have the words "Karen READ" on it. I stated that Norfolk DA's Office is involved in the READ Trial. Sgt. Hardman #3121 then approached and asked to see the sweatshirt. WALSH began to appear agitated and became confrontational. Her voice was shaking, she began breathing heavy and yelling in disagreement. Her eyes began bulging as she got upset. I advised her that she had already been spoken to about this exact sweatshirt. She stated that she was detained in the

past. She then dropped all of her items on the ground, put her hands behind her back and stated "Take me". WALSH was instigating us to arrest her. I stated that we did not want to arrest her. I also stated that we did not want to make a big deal out of the situation, but that every time she walks through the Buffer Zone she is violating the court order after several warnings. Sgt. Hardman also advised her that her sweatshirt was a violation. WALSH then screamed that Sgt. Hardman was delusional while pointing her finger at him. WALSH also yelled that Sgt. Hardman was a liar and a troublemaker. She was yelling loud enough for people to hear at the Superior Court entrance. Chief Tim Rose of the Trial Court later stated to me that he could hear her yelling from the entrance.

Based on the facts summarized in this report, I believe that WALSH was present without right within 200 feet of Norfolk Superior Court in violation of the court order. WALSH was advised that she would be criminally summonsed for the following offense out of Dedham District Court:

Ch. 266/20 :TRESPASSING

WALSH was instructed to leave the area. WALSH stated that she was going home and walked away agitated. WALSH shows no regard for the Buffer Zone and is attempting to interfere with court business regarding a fair and impartial trial.

| PRINTED NAME | SIGNATURE | I AM A: | DATE SIGNED |
|---|---|---|---|
| Ofc. Jonathan Freedman | X Jonathan Freedman #4712 | [X] LAW ENFORCEMENT OFFICER<br>[ ] CIVILIAN COMPLAINANT OR WITNESS | 05/13/25 |

| ADDITIONAL FACTS FOUND BY CLERK-MAGISTRATE / ASST. CLERK / JUDGE BASED ON ORAL TESTIMONY |||
|---|---|---|
| | | |

| REMARKS | SIGNATURE OF CLERK-MAGISTRATE / ASST. CLERK / JUDGE | DATE SIGNED |
|---|---|---|
| | X | |

DC-CR-34 (7/04)

# Summoned/Cited/Indicted (not taken into custody)
## Massachusetts State Police

*(Massachusetts State Police seal)*

125 William Day Blvd
South Boston, MA 02125

## CASE # 2025-112-251

| | |
|---|---|
| Invest Officer: | Tpr Jonathan Freedman ID# MSP4712 |
| | ███████████████ |
| Agency: | H CAT |
| Activity Date/Time | 05/12/2025 1100 |
| Location: | 659 High St, Dedham, MA |

Court: Dedham District Court

Incident Class: SPECIAL EVENTS

**Last:** WALSH
**First:** ERICA
Middle: ANN
DOB: ███
Age: ███
SSN: ███
License #: ███
Lic. State: MA
SID: ███
PCF: ███
Address: ███
City/Town: ███
State: ███
Zip Code: ███

Race: White
Sex: FEMALE
Height: ███
Marital Stat: Single

## OBTN: CSPH202500689
Booked @

**Toxicology**

| Administered Date Time | Type | Test Type | Refused | Result | Administered By |
|---|---|---|---|---|---|
| | | | | | |

Tpr Jonathan Freedman ID# MSP4712

**Status: Approved**
Approved by: Sergeant Michael Hardman ID# msp3121

Supervisor





# Summoned/Cited/Indicted (not taken into custody)
## Massachusetts State Police

125 William Day Blvd
South Boston, MA 02125

## CASE # 2025-112-251

| | | |
|---|---|---|
| Invest Officer: | Tpr Jonathan Freedman ID# MSP4712 | Court: Dedham District Court |
| Agency: | H CAT | |

**Charge(s):**
TRESPASS c266 §120 (c266/120)

**Alias(es):**

WALSH, ERICA ANN

WALSH, ERICA ANN

**Distinguishing Marks:**

**Vehicle(s):**

**Other Property/Evidence Involved In Case:**

---

Tpr Jonathan Freedman ID# MSP4712

Status: Approved
Approved by: Sergeant Michael Hardman ID# msp3121

Supervisor

### By Tpr Jonathan J Freedman ID# MSP4712

Body worn camera (BWC) and/ or cruiser mounted camera (CMC) video images were captured during this incident. The Department of State Police policy recognizes that body worn camera and cruiser mounted cameras, by virtue of their placement on a member's uniform and cruiser, do not capture all visual and auditory observations made by a member on scene. This report is a summary of the events, and not intended to capture every detail. Please refer to BWC/ CMC for further information.

On April 1, 2025, the second trial of Commonwealth v. Karen Read began in Norfolk Superior Court. Judge Beverly Cannone, the presiding judge in Commonwealth v. Karen Read, implemented a "buffer zone" around the Norfolk Superior Courthouse. This "buffer zone" prohibits demonstrating around the Norfolk Superior Courthouse during the trial and states in part, "no individual may demonstrate in any manner, including carrying signs or placards, within 200 feet of the courthouse complex during trial of this case…" (Copy of Judge Cannone's order attached).

On May, 12, 2025, at approximately 1100 hours, I, Trooper Jonathan Freedman #4712, of the Massachusetts State Police Troop H Community Action Team (CAT), was assigned to courthouse security at Norfolk Superior Court in Dedham for the Commonwealth V READ Trial. While on post in front of the Registry of Deeds (649 High Street, Dedham), I observed a known protestor/demonstrator, identified as WASLH, Erica (DOB:          MA OLN:          ), walking by wearing a black sweatshirt with the words "Criminals Control Norfolk County" inside the Buffer Zone. WALSH has been addressed, warned and criminally charged in the past for wearing this exact sweatshirt.

**A history of WALSH at Commonwealth V Read**: WALSH is a frequent protester/ demonstrator that partakes in daily demonstrations at the edge of the Buffer Zone. WALSH believes that Karen READ was framed. WALSH was an attendee at the first READ trial, which took place between April 16, 2024 through July 01, 2024. WALSH continues to attend almost every hearing and trial date regarding Karen READ and Aidan KEARNEY (Turtleboy). WALSH has pictures with Karen READ available on her social media (Facebook and Instagram). WALSH has approached the READ family as they exit the courthouse and embraced them with hugs. WALSH has even entered the courthouse with the READ family during the trial to sit with the family (05/06/2025). WALSH was identified and warned for violations of the court order on April 30, 2025 at approximately 0916 hours regarding Buffer Zone violations By myself and Trooper Nunziato #4576. WALSH was observed walking through the Buffer Zone with a "Free Karen Read" sweatshirt. WALSH was warned and asked to cover up the sweatshirt until she exited the Buffer Zone. Approximately 20 minutes after being warned, WALSH then walked through the Buffer Zone again, wearing the same sweatshirt, partially covered and carrying a "Free Turtleboy" sign affixed to a wooden pole (25-178284). Again on April 30th WALSH returned to the Buffer Zone wearing a "Free Turtleboy Shirt" for the Aidan KEARNEY Hearing, standing in front of the Norfolk Superior Court steps awaiting to enter the courthouse. The READ Trial was on a lunch break and returned while WALSH was waiting in line. WALSH was eventually criminally charged for the violations and for wearing the exact "Criminals Control Norfolk County" sweatshirt on 05/02/2025 in front of the Registry of Deeds(Case #2025-SERT-35/21)

WALSH usually congregates with other protesters at the edge of the Buffer zone on High Street in front of the Dedham Post Office. There are several signs posted around the Buffer Zone that state "Entering the Buffer Zone". There are two posted on light poles at eye level in the area of the Post Office. WALSH had to walk by these signs to approach my location. As stated, WALSH is a frequent in the area and is aware of the court order regarding the Buffer Zone. Where I observed WALSH, is a highly trafficked area of pedestrians, prosecutors, jurors, witnesses, court personnel and the victim's family. Potential jurors for the Superior Court exit from the Registry of Deeds and cross the street to the Superior Court. Witnesses from this case enter and exit through the front of Norfolk Superior Court. Parties involved in the Read Trial will often stand at the entrance on breaks for fresh air or a cigarette. WALSH's sweatshirt had the potential to be seen from the Superior Court windows and front entrance.

I approached WALSH and waved her over. WALSH stopped walking and asked "What?". I stated that her sweatshirt was a violation of the Buffer Zone. WALSH stated that it was relating to a different case and did not have the words "Karen READ" on it. I stated that Norfolk DA's Office is involved in the READ Trial. Sgt. Hardman #3121 then approached and asked to see the sweatshirt. WALSH began to

appear agitated and became confrontational. Her voice was shaking, she began breathing heavy and yelling in disagreement. Her eyes began bulging as she got upset. I advised her that she had already been spoken to about this exact sweatshirt. She stated that she was detained in the past. She then dropped all of her items on the ground, put her hands behind her back and stated "Take me". WALSH was instigating us to arrest her. I stated that we did not want to arrest her. I also stated that we did not want to make a big deal out of the situation, but that every time she walks through the Buffer Zone she is violating the court order after several warnings. Sgt. Hardman also advised her that her sweatshirt was a violation. WALSH then screamed that Sgt. Hardman was delusional while pointing her finger at him. WALSH also yelled that Sgt. Hardman was a liar and a troublemaker. She was yelling loud enough for people to hear at the Superior Court entrance. Chief Tim Rose of the Trial Court later stated to me that he could hear her yelling from the entrance.

Based on the facts summarized in this report, I believe that WALSH was present without right within 200 feet of Norfolk Superior Court in violation of the court order. WALSH was advised that she would be criminally summonsed for the following offense out of Dedham District Court:

Ch. 266/20 :TRESPASSING

WALSH was instructed to leave the area. WALSH stated that she was going home and walked away agitated. WALSH shows no regard for the Buffer Zone and is attempting to interfere with court business regarding a fair and impartial trial.

Tpr Jonathan Freedman ID# MSP4712

Tpr Jonathan Freedman ID# MSP4712

5/13/2025 11:37:06 AM

Page 13 of 13

### By Tpr Jonathan J Freedman ID# MSP4712

Body worn camera (BWC) and/ or cruiser mounted camera (CMC) video images were captured during this incident. The Department of State Police policy recognizes that body worn camera and cruiser mounted cameras, by virtue of their placement on a member's uniform and cruiser, do not capture all visual and auditory observations made by a member on scene. This report is a summary of the events, and not intended to capture every detail. Please refer to BWC/ CMC for further information.

On April 1, 2025, the second trial of Commonwealth v. Karen Read began in Norfolk Superior Court. Judge Beverly Cannone, the presiding judge in Commonwealth v. Karen Read, implemented a "buffer zone" around the Norfolk Superior Courthouse. This "buffer zone" prohibits demonstrating around the Norfolk Superior Courthouse during the trial and states in part, "no individual may demonstrate in any manner, including carrying signs or placards, within 200 feet of the courthouse complex during trial of this case..." (Copy of Judge Cannone's order attached).

On May, 12, 2025, at approximately 1100 hours, I, Trooper Jonathan Freedman #4712, of the Massachusetts State Police Troop H Community Action Team (CAT), was assigned to courthouse security at Norfolk Superior Court in Dedham for the Commonwealth V READ Trial. While on post in front of the Registry of Deeds (649 High Street, Dedham), I observed a known protestor/demonstrator, identified as WASLH, Erica (DOB: ▇▇▇▇ MA OLN: ▇▇▇▇), walking by wearing a black sweatshirt with the words "Criminals Control Norfolk County" inside the Buffer Zone. WALSH has been addressed, warned and criminally charged in the past for wearing this exact sweatshirt.

**A history of WALSH at Commonwealth V Read:** WALSH is a frequent protestor/ demonstrator that partakes in daily demonstrations at the edge of the Buffer Zone. WALSH believes that Karen READ was framed. WALSH was an attendee at the first READ trial, which took place between April 16, 2024 through July 01, 2024. WALSH continues to attend almost every hearing and trial date regarding Karen READ and Aidan KEARNEY (Turtleboy). WALSH has pictures with Karen READ available on her social media (Facebook and Instagram). WALSH has approached the READ family as they exit the courthouse and embraced them with hugs. WALSH has even entered the courthouse with the READ family during the trial to sit with the family (05/06/2025). WALSH was identified and warned for violations of the court order on April 30, 2025 at approximately 0916 hours regarding Buffer Zone violations By myself and Trooper Nunziato #4576. WALSH was observed walking through the Buffer Zone with a "Free Karen Read" sweatshirt. WALSH was warned and asked to cover up the sweatshirt until she exited the Buffer Zone. Approximately 20 minutes after being warned, WALSH then walked through the Buffer Zone again, wearing the same sweatshirt, partially covered and carrying a "Free Turtleboy" sign affixed to a wooden pole (25-178284). Again on April 30th WALSH returned to the Buffer Zone wearing a "Free Turtleboy Shirt" for the Aidan KEARNEY Hearing, standing in front of the Norfolk Superior Court steps awaiting to enter the courthouse. The READ Trial was on a lunch break and returned while WALSH was waiting in line. WALSH was eventually criminally charged for the violations and for wearing the exact "Criminals Control Norfolk County" sweatshirt on 05/02/2025 in front of the Registry of Deeds(Case #2025-SERT-35/21)

WALSH usually congregates with other protesters at the edge of the Buffer zone on High Street in front of the Dedham Post Office. There are several signs posted around the Buffer Zone that state "Entering the Buffer Zone". There are two posted on light poles at eye level in the area of the Post Office. WALSH had to walk by these signs to approach my location. As stated, WALSH is a frequent in the area and is aware of the court order regarding the Buffer Zone. Where I observed WALSH, is a highly trafficked area of pedestrians, prosecutors, jurors, witnesses, court personnel and the victim's family. Potential jurors for the Superior Court exit from the Registry of Deeds and cross the street to the Superior Court. Witnesses from this case enter and exit through the front of Norfolk Superior Court. Parties involved in the Read Trial will often stand at the entrance on breaks for fresh air or a cigarette. WALSH's sweatshirt had the potential to be seen from the Superior Court windows and front entrance.

I approached WALSH and waved her over. WALSH stopped walking and asked "What?". I stated that her sweatshirt was a violation of the Buffer Zone. WALSH stated that it was relating to a different case and did not have the words "Karen READ" on it. I stated that Norfolk DA's Office is involved in the READ Trial. Sgt. Hardman #3121 then approached and asked to see the sweatshirt. WALSH began to

appear agitated and became confrontational. Her voice was shaking, she began breathing heavy and yelling in disagreement. Her eyes began bulging as she got upset. I advised her that she had already been spoken to about this exact sweatshirt. She stated that she was detained in the past. She then dropped all of her items on the ground, put her hands behind her back and stated "Take me". WALSH was instigating us to arrest her. I stated that we did not want to arrest her. I also stated that we did not want to make a big deal out of the situation, but that every time she walks through the Buffer Zone she is violating the court order after several warnings. Sgt. Hardman also advised her that her sweatshirt was a violation. WALSH then screamed that Sgt. Hardman was delusional while pointing her finger at him. WALSH also yelled that Sgt. Hardman was a liar and a troublemaker. She was yelling loud enough for people to hear at the Superior Court entrance. Chief Tim Rose of the Trial Court later stated to me that he could hear her yelling from the entrance.

Based on the facts summarized in this report, I believe that WALSH was present without right within 200 feet of Norfolk Superior Court in violation of the court order. WALSH was advised that she would be criminally summonsed for the following offense out of Dedham District Court:

Ch. 266/20 :TRESPASSING

WALSH was instructed to leave the area. WALSH stated that she was going home and walked away agitated. WALSH shows no regard for the Buffer Zone and is attempting to interfere with court business regarding a fair and impartial trial.

Tpr Jonathan Freedman ID# MSP4712

*[signature]* Tpr Jonathan Freedman ID# MSP4712

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.
SUPERIOR COURT
CRIMINAL ACTION
22-00117

COMMONWEALTH

vs.

KAREN READ

## MEMORANDUM OF DECISION AND ORDER ON COMMONWEALTH'S MOTION FOR BUFFER ZONE AND ORDER PROHIBITING SIGNS OR CLOTHING IN FAVOR OF EITHER PARTY OR LAW ENFORCEMENT

Prior to the defendant's first trial, on April 4, 2024, this Court issued an order establishing a buffer zone around the Norfolk Superior Courthouse prohibiting any individual from demonstrating in any manner within 200 feet of the courthouse complex and from wearing any clothing or insignia related to the case in the courthouse during trial. The Commonwealth now moves for the Court to reestablish the buffer zone for the defendant's upcoming second trial and modify the previous order by extending it to include area encompassed within Bates Court, Bullard Street, Ames Street, and Court Street.[1]

To ensure the defendant's right to a fair trial, the Court may restrict protected speech so long as the restrictions do not "burden substantially more speech than is necessary to further the government's legitimate interests." *Ward* v. *Rock Against Racism*, 491 U.S. 781, 799 (1989). For the same reasons that compelled the Court to establish a buffer zone for the first trial, it is necessary to establish a buffer zone for the second trial to ensure the defendant's right to a fair trial.

---

[1] During argument on the motion, the Commonwealth withdrew its request for a second modification to the April 4, 2024 Order.

The case continues to garner significant public interest. When the matter is in court, individuals line the sidewalks outside the courthouse, loudly chanting and voicing their opinions about witnesses, attorneys, and the strength of the Commonwealth's case. They display matters which may be in evidence during trial or share their viewpoints as to the guilt or innocence of the defendant on their clothing or on signage. If prospective jurors are exposed to the protestors and messages displayed on signs or otherwise, particularly before this Court has had an opportunity to instruct the jurors about their obligations with regard to remaining fair and unbiased, there is a substantial risk that the defendant's right to a fair trial will be jeopardized. The risk extends during trial where jurors and witnesses would have no choice but to be exposed daily to the messages and viewpoints of the protestors when entering and leaving the courthouse or sitting in the courtroom or jury room.

Additionally, the Court concludes that modification to the April 4, 2024 Order is necessary. Despite the 200-foot buffer zone around the courthouse complex during the first trial, on the western side of the courthouse complex where there is a large open space running along High Street between Bullard Street and Ames Street, the collective voices of groups of demonstrators gathering outside the buffer zone could be clearly heard inside the courthouse. See Affidavit of Massachusetts State Police Sergeant Michael W. Hardman at par. 5. Vehicles honking their horns in response to signs and gestures from these demonstrators could also be heard frequently during the first trial. See *id.* at par. 6. Indeed, after trial, a deliberating juror reported that during deliberations, the jurors could hear protestors outside screaming and yelling. See Affidavit of Juror Doe at par. 10.[2] To ensure a fair trial with an impartial jury, extending the

---

[2] The Court also recognizes the list of concerns sent to the Court by the "Karen Read Trial Prepare Together Group"—a group of local business owners and organizations that experienced issues with protestors during the first trial.

2

buffer zone is necessary to prevent jurors from outside influence and to prevent interruptions and distractions during trial.

It is, therefore, **ORDERED** that no individual may demonstrate in any manner, including carrying signs or placards, within 200 feet of the courthouse complex during trial of this case, unless otherwise ordered by this Court. This complex includes the Norfolk Superior courthouse building and the parking area behind the Norfolk County Registry of Deeds building. The buffer zone shall further be extended to include the area bounded by Bates Court, Bullard Street, Ames Street, and Court Street. Individuals are also prohibited from using audio enhancing devices while protesting.

It is further **ORDERED** that no individuals will be permitted to wear any buttons, photographs, clothing, or insignia, relating to the case pending against the defendant or relating to any trial participant, in the courthouse during the trial. Law enforcement officers who are testifying or are members of the audience are also prohibited from wearing their department issued uniforms or any police emblems in the courthouse.

Date: March 25, 2025

_Beverly J. Cannone_
Justice of the Superior Court

3





